{¶ 11} Although I agree that the trial court's order should be vacated, I concur in judgment only.
 {¶ 12} The Summit County Board of Health passed Resolution 160-02 declaring appellant's property to be a public health nuisance. It then ordered appellant to comply with various requirements. It further authorized the staff to proceed with legal action if appellant did not comply within ten days.
 {¶ 13} The Board of Health did not take any legal action thereafter. However, appellant did file a R.C. Chapter 2506 appeal concerning the Board's resolution, which was upheld by the trial court. The trial court's ruling was then appealed to this Court and was affirmed. The Board still did not take any legal action to enforce its resolution. Finally, the trial court issued the order in dispute here that authorized the Board to remove appellant's animals. I agree with the majority that the trial court did not have authority in a R.C. Chapter 2506 appeal to make such an order.
 {¶ 14} Although we need not reach the issue of whether the Board could abate the nuisance itself, I disagree with the majority's analysis in footnote 1 that the Board of Health's resolution is self-executing. R.C.3707.01 empowers the Board of Health of a general health district to abate and remove all nuisances within its jurisdiction. However, proper procedures must be followed under R.C. 3707.02
 {¶ 15} R.C. 3707.02 provides that when an order to abate a nuisance made pursuant to R.C. 3707.01 "is neglected or disregarded, in whole or in part, the board may elect to cause the arrest and prosecution of all persons offending, or to perform, by its officers and employees, what the offending part[y] should have done." If the Board elects to abate the nuisance itself, additional steps must be taken. The statute specifically provides for the issuance and service of a citation upon the person responsible, reciting the cause of the complaint and requiring the person to appear before the Board at a specified time for a hearing to "show cause why the Board should not proceed and furnish the material and labor necessary and remove the cause of the complaint."
"If the persons cited appear, they shall be fully apprised of the cause of complaint and given a fair hearing. The board shall then make such order as it deems proper, and if material or labor is necessary to satisfy the order, and the persons cited promise, within a definite and reasonable time, to furnish them, the board shall grant such time. If no promise is made, or kept, the board shall furnish the material and labor, cause the work to be done, and certify the cost and expense to the county auditor. If the material and labor are itemized and the statement is accompanied by the certificate of the president of the board, attested by the clerk, reciting the order of the board and that the amount is correct, the auditor has no discretion, but shall place such sum against the property upon which the material and labor were expended, which shall, from the date of entry, be a lien upon the property and be paid as other taxes are paid." R.C. 3707.02.
 {¶ 16} This procedure was not undertaken here. Consequently, I would concur in judgment only.